**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JEFFERY HECTOR**<br>**individually and on behalf**<br>**of all others similarly situated,** | §<br>§<br>§<br>§ | **CLASS AND COLLECTIVE**<br>**ACTION COMPLAINT** |
| **Plaintiff,** | §<br>§ | **CIVIL ACTION NO. 4:26-CV-112** |
| **vs.** | §<br>§ | |
| **RADIANT AUTISM CENTER, LLC,**<br>**Defendant.** | §<br>§ | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Jeffery Hector ("Plaintiff"), on behalf of himself and all others similarly situated, files this Original Complaint against Radiant Autism Center, LLC ("Radiant"), as follows:

## I. PRELIMINARY STATEMENT

1. Radiant Autism Center, LLC ("Radiant") was the employer of Plaintiff and other behavior technicians. Plaintiff worked as a behavior technician for Radiant for approximately nine months from March 2025 until December 2025. Plaintiff and other behavior technicians at Radiant were paid on an hourly basis but were not compensated for required drive time. When required to travel between office locations, Radiant required its behavior technicians to clock out before driving and clock back in upon arrival, paying only a flat mileage rate of approximately $0.65 per mile instead of hourly wages. Similarly, when Radiant required Plaintiff to report to offices other than his assigned home office—often on short notice—it prohibited him from clocking in for that travel, paid only a capped mileage allowance for the morning drive regardless of distance, and paid

no wages or mileage for the return trip. On information and belief, there are a large number of similarly situated behavior technicians who work or have worked for Radiant, all of whom were subject to the same illegal drive-time compensation policies and denied pay for their drive time, resulting in unpaid hours.

2. Plaintiff, on behalf of himself and all others similarly situated, brings this collective action to recover unpaid overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (the "FLSA"). In addition, Plaintiff, on behalf of himself and all others similarly situated, brings Rule 23 class action claims to recover compensation for hours worked but not paid in workweeks in which Plaintiff and others worked fewer than forty (40) hours.

3. The group of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **ALL RADIANT BEHAVIOR TECHNICIANS DURING THE PAST 3 YEARS WHO WORKED MORE THAN FORTY HOURS IN ANY WEEK AND WERE NOT PAID FOR THEIR DRIVE TIME.**[1]

4. The group of similarly situated employees sought to be certified as a Rule 23 class action under Texas law is defined as:

> **ALL RADIANT BEHAVIOR TECHNICIANS DURING THE PAST FOUR YEARS WHO WORKED LESS THAN FORTY HOURS IN ANY WEEK AND WERE NOT PAID FOR THEIR DRIVE TIME.**[2]

---

[1] Members of this proposed collective will hereinafter be referred to as the "FLSA Collective Members."
[2] Members of this proposed class will hereinafter be referred to as the "Rule 23 Class Members."

5. For at least three years prior to the filing of this Complaint, Radiant willfully violated the FLSA by failing to pay these employees their drive time, thus denying them pay for overtime hours worked in excess of forty hours per week at a rate of one-and-a-half times their regular rate of pay.

## II. PARTIES

6. Plaintiff is an individual who resides in Texas. Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

7. Radiant is a Texas limited liability company with its principal place of business in Frisco, Texas. Radiant may be served through its registered agent for service of process in Texas, Christopher Thomas Carlson, 2831 W Eldorado Pkwy #106, Frisco, TX 75033, or where found.

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

9. This Court has supplemental jurisdiction over Plaintiffs 'state-law claims pursuant to 28 U.S.C. § 1367. Plaintiffs 'state law claims are not preempted by the FLSA because Plaintiffs seeks to recover back wages under Texas state law to the extent those state law claims do not

overlap with the FLSA's overtime provisions, including "pure gap time" claims for regular, non-overtime wages owed.

10. This Court has personal jurisdiction over Radiant because it is a Texas resident and has had continuous and systematic contacts with Texas. This Court's assertion of jurisdiction over Radiant would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred within this judicial district. Specifically, Radiant's office is located at 2831 W Eldorado Pkwy #106, Frisco, TX 75033, in Collin County, which falls within this judicial district. Moreover, Plaintiff was assigned to the Denton office, which is likewise located within this judicial district.

## IV. FLSA COVERAGE FACTS

12. At all relevant times, Radiant acted, directly or indirectly, as the joint or co-employer with respect to Plaintiff and others similarly situated. Radiant was responsible for all decisions related to the wages to be paid to the FLSA Collective Members, the work to be performed by the FLSA Collective Members, the locations of work performed by the FLSA Collective Members, the hours to be worked by the FLSA Collective Members, and the compensation policies with respect to the FLSA Collective Members.

13. At all relevant times, Radiant has operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Radiant has operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29

U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

15. At all relevant times, Plaintiff and others similarly situated were employees for Radiant who was engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

16. Radiant is a healthcare services provider that operates multiple clinic locations and provides applied behavior analysis therapy and related services to children diagnosed with autism spectrum disorder. Radiant has offices in Little Elm, Aubrey, Denton and Sherman. On information and belief, Radiant employs approximately 150 behavioral technicians.

17. Radiant violated the Fair Labor Standards Act by failing to compensate Plaintiff and similarly situated behavior technicians for all hours worked, including required travel time. Radiant required technicians to travel between clinic locations and to report to locations other than their assigned home office while prohibiting them from clocking in for such travel, paying at most a limited mileage reimbursement and no wages for the time spent driving, including return travel.

18. Because Plaintiff and the other members of the proposed collective were paid hourly, they are not subject to the administrative, professional or executive exemptions of the FLSA. Moreover, their job duties were not of the sort that would render them subject to any FLSA

exemption. Lastly, Radiant treated them as non-exempt. As such, no exemption excuses Radiant from paying Plaintiff and the FLSA Collective Members overtime rates under the FLSA.

19. Radiant has failed to make a good faith effort to comply with the FLSA. Instead, Radiant knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

20. For purposes of this action, the "relevant period" for the purposes of the FLSA is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

21. Plaintiff has retained the undersigned counsel to represent them and those similarly situated in this action. Pursuant to the FLSA, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. COLLECTIVE ACTION ALLEGATIONS

22. Other employees of Radiant have been victimized by the company's illegal pattern, practice and policy set forth herein. Plaintiff is aware that Radiant's illegal practices and policies have been imposed on other similarly situated workers. Plaintiff brings his claims individually and on behalf of all current and former FLSA Collective Members.

23. Radiant's compensation policies and procedures with respect to Plaintiff and the FLSA Collective Members and wages paid to Plaintiff and the FLSA Collective Members are substantially similar, if not identical.

24. Radiant's pattern of failing to pay overtime compensation as required by the FLSA results from Radiant's general application of compensation policies and procedures and does not depend on the individualized circumstances of Plaintiff or other FLSA Collective Members.

25. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Radiant's liability under the FLSA.

26. Plaintiff files this case as a collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims on his own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Radiant.

27. Plaintiff requests that Radiant identify all FLSA Collective Members in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, email addresses and telephone numbers of the FLSA Collective Members.

28. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

29. Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII. RULE 23 CLASS ACTION ALLEGATIONS

30. Plaintiff brings his state-law claims as a class action individually and on behalf of all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

31. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is readily ascertainable through Defendant's payroll, timekeeping, scheduling, and mileage reimbursement records.

32. Numerosity. The members of the Class are so numerous that joinder of all members is impracticable. On information and belief, Radiant employs or has employed approximately 150 behavior technicians during the relevant time period, many of whom were subjected to the same drive-time compensation policies. The identities of Class members and the compensation paid to them are ascertainable from Radiant's records. A class action is therefore a fair and efficient method of adjudicating these claims.

33. Commonality. There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members, including but not limited to:

i. Whether Radiant maintained a policy or practice of requiring behavior technicians to travel between clinic locations or to locations other than their assigned home office without paying wages for that drive time;

ii. Whether Radiant required behavior technicians to clock out before beginning required travel and clock back in only upon arrival;

iii. Whether paying only a flat or capped mileage rate in lieu of wages for required travel violates Texas law when technicians worked fewer than forty (40) hours in a workweek;

iv. Whether Radiant knew or should have known that Class members were performing compensable work during unpaid drive time;
v. Whether Radiant accepted and benefited from the unpaid labor of Class members during required travel;

vi. Whether Radiant breached express or implied agreements to compensate Class members for all hours worked;

vii. Whether Radiant was unjustly enriched by failing to pay Class members for required drive time; and

viii. The proper measure of damages, including whether the reasonable value of unpaid drive time may be measured by Class members' agreed-upon hourly rates.

34. Typicality. Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct and are based on the same legal theories. Like the Class members, Plaintiff worked as an hourly, non-exempt behavior technician for Radiant, was required to travel between clinic locations or to locations other than his assigned home office, was prohibited from clocking in during such travel, and was not paid wages for that time in workweeks in which he worked fewer than forty (40) hours.

35. Adequacy of Representation. Plaintiff has no interests antagonistic to those of the Class and will fairly and adequately protect the interests of the Class. Plaintiff's counsel are experienced in prosecuting complex wage-and-hour and class action litigation and are well qualified to represent the Class.

36. Predominance and Superiority. Common questions of law and fact predominate over any questions affecting only individual members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual actions would be impracticable, uneconomical, and risk inconsistent adjudications.

37. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications and would establish incompatible standards of conduct for Radiant.

38. Requiring individual Class members to pursue separate actions would also discourage the assertion of valid claims due to the relatively small amounts of individual damages, Radiant's superior resources, and fear of retaliation or adverse employment consequences.

## VIII. CAUSES OF ACTION
## COUNT 1 - VIOLATION OF THE FLSA
## (INDIVIDUALLY AND ON BEHALF OF THE FLSA COLLECTIVE)

39. The foregoing allegations are incorporated herein by reference.

40. Plaintiff and others similarly situated were non-exempt employees of Radiant.

41. Plaintiff and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

42. Radiant violated 29 U.S.C. § 201 et. seq. by willfully failing to pay Plaintiff or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

43. Plaintiff, individually and on behalf of others similarly situated, seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**COUNT TWO - QUANTUM MERUIT**
**(INDIVIDUALLY AND ON BEHALF OF THE RULE 23 TEXAS CLASS)**

44. Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

45. Plaintiff and the Class members performed valuable services for Radiant by traveling between clinic locations and to locations other than their assigned home offices at Radiant's direction and for Radiant's benefit.

46. Plaintiff and the Class members performed these services while off the clock and without compensation for their time, pursuant to Radiant's uniform timekeeping and compensation policies that required behavior technicians to clock out before beginning required travel and to clock back in only upon arrival.

47. The services performed by Plaintiff and the Class members during required drive time have a reasonable value of no less than their agreed-upon hourly rates of pay.

48. Radiant knowingly accepted, used, and retained the benefit of Plaintiff's and the Class members' services by requiring such travel in order to staff its clinics, serve its patients, and operate its business.

49. No express written contract exists governing compensation for the required drive time at issue in workweeks in which Plaintiff and the Class members worked fewer than forty (40) hours.

50. Radiant had actual and/or constructive knowledge that Plaintiff and the Class members expected to be paid for all hours worked, including time spent traveling at Radiant's direction for Radiant's business purposes.

51. Despite accepting the benefits of Plaintiff's and the Class members' services, Radiant failed and refused to pay the reasonable value of the required drive time worked by Plaintiff and the Class members.

52. Plaintiff and the Class members are entitled to recover damages under this claim for the four (4) years preceding the filing of this action, including the reasonable value of all unpaid drive time.

53. Plaintiff and the Class members are entitled to recover attorneys' fees and costs pursuant to Texas Civil Practice and Remedies Code § 38.001.

**COUNT THREE - MONEY HAD AND RECEIVED**
**(ON BEHALF OF THE RULE 23 TEXAS CLASS)**

54. Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

55. Radiant received money from its patients, insurers, and other payors for services that depended upon and included the labor of Plaintiff and the Class members, including services made possible by Plaintiff's and the Class members' required travel between clinic locations.

56. Radiant failed and refused to pay Plaintiff and the Class members wages for required drive time worked during weeks in which they worked fewer than forty (40) hours, while retaining the revenues generated by their labor.

57. Radiant holds money that, in equity and good conscience, belongs to Plaintiff and the Class members because it was obtained through Radiant's failure to pay for all hours worked.

58. Radiant's retention of this money violates Texas law governing claims for money had and received.

59. Plaintiff and the Class members are entitled to recover damages under this claim, including restitution of unpaid wages for required drive time.

60. Plaintiff and the Class members are entitled to recover attorneys' fees and costs pursuant to Texas Civil Practice and Remedies Code § 37.009.

**COUNT FOUR - UNJUST ENRICHMENT**
**(ON BEHALF OF THE RULE 23 TEXAS CLASS)**

61. Plaintiff incorporates by reference all preceding allegations as if fully set forth herein.

62. Radiant has been unjustly enriched at the expense of Plaintiff and the Class members by requiring them to perform uncompensated drive time for Radiant's benefit.

63. Radiant knowingly and intentionally accepted the benefits of Plaintiff's and the Class members' labor, including the ability to staff multiple clinic locations, maintain scheduling flexibility, and provide uninterrupted services to patients, while refusing to pay wages for required travel time.

64. Radiant's conduct constitutes bad faith and the taking of undue advantage of Plaintiff and the Class members.

65. It would be unjust and inequitable for Radiant to retain the benefits derived from Plaintiff's and the Class members' unpaid drive time.

66. Radiant should be required to disgorge all benefits unjustly obtained and make restitution to Plaintiff and the Class members.

67. Plaintiff and the Class members are entitled to recover attorneys' fees and costs pursuant to Texas Civil Practice and Remedies Code § 37.009.

## IX. JURY DEMAND

68. Plaintiff hereby demands a jury trial.

## X. RELIEF SOUGHT

69. Plaintiff and the FLSA Collective members are entitled to recover unpaid overtime wages for all hours worked in excess of forty (40) in a workweek, including overtime resulting from unpaid required drive time, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

70. Plaintiff and the FLSA Collective members are further entitled to recover an additional equal amount as liquidated damages for Radiant's willful violations of the FLSA, pursuant to 29 U.S.C. § 216(b).

71. Plaintiff and the FLSA Collective members are entitled to recover reasonable attorneys' fees and costs incurred in prosecuting their FLSA claims, as mandated by 29 U.S.C. § 216(b).

72. Plaintiff and the Rule 23 Texas Class members are entitled to recover all damages available under Texas law for unpaid wages in workweeks in which they worked fewer than forty (40) hours, including but not limited to:

(a) the reasonable value of uncompensated drive time worked at Radiant's direction; (b) all monies held by Radiant that rightfully belong to Plaintiff and the Class members; (c) restitution and disgorgement of benefits unjustly retained by Radiant; (d) pre-judgment and post-judgment interest as allowed by Texas law; and (e) reasonable attorneys' fees and costs pursuant to Texas Civil Practice and Remedies Code §38.001, to the extent such relief does not duplicate or overlap with attorneys' fees and costs recoverable under the FLSA.

73. Plaintiff and all members of the Collective and Class are entitled to such other and further legal and equitable relief as the Court deems just, proper, and equitable.

Respectfully submitted,

/s/ Rowdy B. Meeks
Rowdy B. Meeks, Kansas Bar No.16068
Rowdy Meeks Legal Group LLC
8201 Mission Road, Suite 250
Prairie Village, Kansas 66206
Tel: (913) 766-5585
Fax: (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com

AND

/s/ Josh Borsellino
Josh Borsellino
Texas State Bar No. 24045532
Borsellino, P.C.
3267 Bee Cave Rd., Ste. 107, Box # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412

Email: josh@dfwcounsel.com

**ATTORNEYS FOR PLAINTIFF AND THOSE SIMILARLY SITUATED**